Russell S. Thompson, IV (Cal. Bar No. 325944)
Thompson Consumer Law Group, PC
11445 E Via Linda, Ste. 2 #492
Scottsdale, AZ 85259
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Adesola Aiyedun,<br><br>Plaintiff,<br><br>vs.<br><br>Reign Recovery Services, Inc.,<br><br>Defendants. | Case No. 2:24-cv-4341-ODW-AS<br><br>**SECOND AMENDED COMPLAINT AND TRIAL BY JURY DEMAND** |

**NATURE OF ACTION**

1. Plaintiff Adesola Aiyedun ("Plaintiff") brings this action against Defendant Reign Recovery Services, Inc. ("RRS") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq.*

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1367, and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## PARTIES

4. Plaintiff is a natural person that at all relevant times resided in Van Nuys, California.

5. Plaintiff is allegedly obligated to pay a debt.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. RRS is a repossession company.

8. RRS earns the majority of its income from the repossession of vehicles.

9. RRS uses the telephone and internet in the operation of its business.

10. RRS uses roads and highways in the operation of its business.

11. RRS is a person or entity that at all relevant times was acting as a repossession agent working at the behest of Autocred, Inc ("Autocred").

12. At all relevant times, RRS was a person or entity using instrumentalities of interstate commerce or the mails in any business the principal purpose of which is debt collection.

13. At all relevant times, RRS was a person or entity using instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

14. RRS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

15. RRS is a "debt collector" for purposes of 15 U.S.C. § 1692f(6).

16. RRS is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

## FACTUAL ALLEGATIONS

17. Prior to October 2023, Plaintiff purchased a 2007 Jaguar X-Type (the "Vehicle") from non-party, Carfluent, Inc.

18. Plaintiff purchased the Vehicle for personal, family, and household use.

19. In connection with the transaction, Plaintiff executed a loan agreement (the "Contract").

20. As part of the Contract, Plaintiff provided Carfluent, Inc. and its assignees a security interest in the Vehicle.

21. The Contract was subsequently assigned to Autocred.

22. Thereafter, Autocred engaged its repossession agent, RRS, to repossess the Vehicle.

23. In late October 2023, RRS went to Plaintiff's home at Haskell Regency apartments to repossess the Vehicle.

24. At this time, the Vehicle was secured in a private, locked, gated, and access controlled parking structure for Haskell Regency apartments.

25. The private parking structure was located under the Haskell Regency apartments.

26. The private parking structure was secured by an electronic vehicle gate and pedestrian security door.

27. The electronic vehicle gate could only be opened by using a remote issued by Haskell Regency apartments.

28. The pedestrian security door could only be opened with a physical key issued by Haskell Regency apartments.

29. The gates also have physical signs prohibiting unauthorized entry.

30. One sign explicitly advised that "THIS PROPERTY CLOSED TO THE PUBLIC" in large font at the top of the sign with smaller font below making clear that "NO ENTRY WITHOUT PERMISSION L.A.M.C. SEC. 41.24 PC 602L."

31. To carry out its repossession, RRS forced its way into the secured private parking structure by tampering with, or otherwise neutralizing, the access control system on the parking structure's gate.

32. RRS then entered the private parking structure and repossessed the Vehicle.

33. Plaintiff did not consent to RRS's entry to the private parking structure.

34. When RRS entered the private parking structure, it did not have consent of the property owner or the person in legal possession thereof.

35. In fact, Plaintiff specifically asked the person in legal possession of the private parking structure, manager Laura Jimenez of Haskell Regency, who confirmed that Haskell Regency did not consent to RRS's entry.

36. Specifically, Plaintiff was told: "I Laura Jimenez never opened the parking lot door to anyone for a car to be taken. I was asleep during the incident. I would never open the parking lot gate to do this type of thing."

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692f(6)(A)

37. Plaintiff repeats and re-alleges each factual allegation above.

38. In California, secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." Cal. Com. Code § 9609(b)(2).

39. However, if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession. *Id*.

40. Under California law, repossessors are barred from "unlawfully entering any private building or secured area without the consent of the owner, or of the person in legal possession thereof, at the time of repossession." Cal. Bus. & Prof. Code § 7508.2(d).

41. A repossession undertaken in violation of Cal. Bus. & Prof. Code § 7508.2(d) is a breach of the peace. *Clark v. Par, Inc.*, No. CV-15-02322-MWF (FFMx), 2015 U.S. Dist. LEXIS 198216, at *14 (C.D. Cal. July 22, 2015).

42. By illegally entering a private parking structure to accomplish the repossession, and violating California law in carrying out the repossession, RRS breached the peace.

43. A breach of the peace negates a right to possession of collateral and renders any repossession undertaken despite a breach of the peace a violation of the FDCPA. *Clark*, 2015 U.S. Dist. LEXIS 198216, at *14.

44. RRS violated 15 U.S.C. § 1692f(6)(A) by taking non-judicial action to effect dispossession of Plaintiff's property where the property was exempt by law from such dispossession and where no right to possession existed.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that RRS violated 15 U.S.C. § 1692f(6)(A);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF CAL. CIV. CODE § 1788.10(a)

45. Plaintiff repeats and re-allege each factual allegation contained above.

46. The RFDCPA prohibits debt collectors from using any criminal means to cause harm to a person, their reputation or property to collect debts. Cal. Com. Code § 1788.10(a).

47. RRS trespassed to accomplish its repossession.

48. By doing so, RRS violated Cal. Com. Code § 1788.10(a).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that RRS violated Cal. Civ. Code § 1788.10(a);

b) Awarding Plaintiff statutory damages, pursuant to Cal. Civ. Code § 1788.30, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to Cal. Civ. Code § 1788.30(c);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF CAL. CIV. CODE § 1788.17

49. Plaintiff repeats and re-allege each factual allegation contained above.

50. RRS violated 15 U.S.C. §§ 1692e(5) and f(6).

51. By violating 15 U.S.C. §§ 1692e(5) and f(6), RRS violated Cal. Civ. Code § 1788.17.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that RRS violated Cal. Civ. Code § 1788.17;

b) Awarding Plaintiff statutory damages, pursuant to Cal. Civ. Code § 1788.17, in the amount of $1,000.00;

c) Awarding Plaintiff statutory damages, pursuant to Cal. Civ. Code § 1788.30, in the amount of $1,000.00;

d) Awarding Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to Cal. Civ. Code § 1788.30(c);

f) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

g) Awarding such other and further relief as the Court may deem proper.

**TRIAL BY JURY**

52.   Plaintiff is entitled to and hereby demands a trial by jury.

Dated: December 9, 2025          Respectfully submitted,

<u>/s/ Russell S. Thompson, IV</u>
Russell S. Thompson, IV (Cal. Bar No. 325944)
Thompson Consumer Law Group, PC
11445 E Via Linda, Ste. 2 #492
Scottsdale, AZ 85259
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com

Attorneys for Plaintiff